UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE,<br><br>  Petitioner,<br><br>  v.<br><br>KAMALA HARRIS, et al.,<br><br>  Respondents. | No. 2:15-cv-2592-JAM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION PURSUANT TO 28 U.S.C. § 1915A |

Petitioner, a state prisoner proceeding without counsel, filed what he has styled as a "Petition to Compel," referencing numerous federal statutes, including 28 U.S.C. § 1361.[1] ECF No. 1. That document appears to be intended to serve as a complaint for purposes of commencing a civil action, the gist of which is an allegation that defendants have wrongfully denied him access to documents. Petitioner also seeks leave to proceed in forma pauperis and claims to meet the "imminent danger" requirement imposed by 28 U.S.C. § 1915(g). ECF Nos. 2, 8.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

---

[1] Section 1361 vests federal district courts with original jurisdiction to hear "an action in the nature of mandamus" against an officer or employee of the United States.

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

In this case, petitioner claims that the Riverside County Superior Court and district attorneys have denied access to court documents and that the California Department of Corrections has further concealed those documents by illegally confiscating mail. ECF No. 1 at 2. According to petitioner, the media and various state and federal public officials and organizations, including Kamala Harris, have also concealed public records. *See id.* ("The public right to the public record is being denied by the respondents upon the duty to provide transcriptions, provide access to public records, [and to] report concealment of the falsification of public records as the Attorney General, and Federal Bureau of Investigations . . . ."). Petitioner claims that "the respondents have not identified a single person that can confirm that specific mail has actually been sent or delivered to the postal offices, [which] reflects that mail is not actually

being sent as declared or recorded . . . ." *Id.* at 4. Petitioner also includes a seven page handwritten "mail log" in order to show that "letters were sent to the Public Officials, Media, and Public Organizations indicated." *Id.*, Ex. A. He seeks a court order compelling respondents to perform their duties "as defined by law." *Id.* at 8.

Setting aside the vague, conclusory, and nonsensical nature of petitioner's allegations, there are several reasons why this action must be dismissed. *See Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989) (allegations are frivolous when they lack even "an arguable basis either in law or in fact," and appear "fanciful," "fantastic," or "delusional"). First, petitioner suggests that he is bringing this action on behalf of another party. In listing the plaintiffs in the caption of the case he identifies "NBC (CH-3) KCRA-TV" as a "first party of interest" and himself as the "second party of interest." ECF No. 1 at 1. He, however, has not identified himself as a lawyer and may only file an action on his own behalf. *See Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1308 (9th Cir. 1982) (party must assert [his] own rights not those of third parties). Second, petitioner purports to bring this action under 28 U.S.C. § 1361, seeking a writ of mandamus, *see* ECF No. 1 at 1. Section 1361 provides for original jurisdiction to compel an employee or agent of the United States to perform a duty owed to plaintiff. Petitioner has identified Kamala Harris (a state employee), and the FBI (a federal agency), as respondents. He has also named "Anthony Da Silva" as a defendant, but does not identify him as a federal employee or agent. Therefore, petitioner has not shown that mandamus relief is applicable. Third, it appears that whatever events that supposedly gave rise to petitioner's claim occurred in Riverside County. *See* ECF No. 1 at 2 (alleging that Riverside County Superior Court "blocked pages" to a case and complaining of "illegal acts" by the Riverside district attorneys). Thus, assuming subject matter jurisdiction and a cognizable claim, proper venue would lie in Riverside County, which is in the Central District of California and not this district.[2] Alternatively, if petitioner's complaint is that the

---

[2] The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal

handling of his mail at his current place of confinement violated a federal or statutory right, he should commence a civil action pursuant to 42 U.S.C. § 1983 in the district of his confinement, which he has not done.

For these reasons, the court finds that the petition for writ of mandate should be summarily dismissed pursuant to 28 U.S.C. § 1915A and that leave to amend would be futile.[3] *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 9, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

[3] In light of this recommendation, the court need not resolve petitioner's pending application for leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915A(a) (requiring court to screen a prisoner's complaint "as soon as practicable").